Taliaferro, J.
The plaintiff, a physician and surgeon, brings this suit for services rendered in those capacities to two men belonging to the Metropolitan police force, who were wounded in a riot that occurred in the city of Jefferson, in the year 1869. He alleges that the services rendered were engaged by the City Council of Jefferson, who authorized its Mayor to employ a surgeon to attend the wounded men. He predicates his claim, now brought against the city of New Orleans, upon the provisions of the act incorporating the city of New Orleans and Jefferson, by which the former is obligated to pay the debts and liabilities of the latter.
The plaintiff’s medical bill amounts to $1600.
It is not disputed that the services were rendered as charged, nor that they were not worth the amount charged. The main ground of defense is that the City Council of Jefferson were without authority *102 to employ the plaintiff to render the services performed by him. The case was tried twice in the court below, and each time before a jury. The first trial resulted in favor of the defendant, the last in favor of the plaintiff, and the defendant has appealed.
The inquiry seems to be, had the municipal corporation of the City of Jefferson the power to employ a surgeon in the case presented ? The charter of the city grants the power of exercising all the rights and powers of municipal corporations generally. Acts of 1867 p. 105, and acts of 1868, p. 99. It was held by this court, in the case of Vionet v. The First Municipality, 4 An. 43, “that if it is a constituent power of municipal corporations to provide for the poor who are unable to labor, and during the prevalence of an epidemic, there is none the exercise of which is more imperative than that of furnishing medical assistance to those who are unable to procure it themselves.” In that case the question was, whether the council had the power to authorize the aldermen in their respective districts to select physicians and apothecuries who were to give and provide remedies for the indigent sick, during the prevalence of the epidemic. It was held that the council had the power. The couit proceeded to say, that “the power had been exercised by the former corporation of New Orleans, and we believe is admitted by all writers of authority to be an essential part of municipal government,” and referred to Blackstone’s Commentaries, 131, 360, and to Domat Droit Public, Liber 1, title 16. The rule seems to be that the powers of all corporations are limited by the grants in their charters and can not extend beyond them. But if to provide for the relief of the indigent poor who are unable to procure for themselves the needs of suffering humanity, is an essential part of municipal government, the right to determine the means, form and manner of extending the relief according to the exigencies of each particular case, must exist also. Oum quid conoedAtur, conceditur et hoe quod pervenitur at illud. In the case presented, the two recipients of the bounty were suffering from gunshot wounds; one of them had received wounds of a very dangerous character, from which he survived only after a confinement of many months, and requiring constant attention and frequent operations by the surgeon. It is shown that both were poor and destitute; the one most severely wounded having a wife. Surgical aid was then the most essential want of these persons. They had appealed to the council by petition for assistance. If the council had power to provide for them, it surely had the power to provide the assistance most needed, that of the services of a skillful surgeon.
We conclude the decision of the lower court is correct.
Judgment affirmed.